JUDGE HALPERN

David Abrams, Attorney at Law
PO Box 3353 Church Street Station
New York, New York 10008
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Southern District of New York

| | |
|---|---|
| United States of America ex rel.<br>GNGH2 Inc., )<br><br>Plaintiff-Relator, )<br><br>- against - )<br><br>HAMASPIK OF KINGS COUNTY, INC.; )<br><br>HAMASPIK OF ROCKLAND<br>COUNTY INC.; )<br><br>HAMASPIK OF ORANGE<br>COUNTY INC.: )<br><br>HAMASPIK CHOICE, INC.; )<br><br>NYSHA, INC. a/k/a The New York State<br>Hamaspik Association )<br><br>TRI-COUNTY CARE LLC; and )<br><br>MEYER WERTHEIMER, )<br><br>Defendants. ) | **21 CV 00948**<br><br>Index No.:<br><br><br>**Complaint** |

        Plaintiff-Relator, complaining of the Defendants by its attorney, David Abrams, Attorney

at Law, respectfully sets forth and alleges as follows:

**I.      Nature of the Case**

1.      This is a false claims act claim.  The Qui Tam Plaintiff and Relator, GNGH2 Inc.

("Relator"), alleges that the Defendants fraudulently obtained CARES Act disaster relief by

means of fraudulent certifications of eligibility.  As set forth in more detail below, the

Defendants in this matter are all under control of Defendant Meyer Wertheimer and his

immediate family members.  Taken as a whole, the Defendants are far too large to qualify for

disaster relief.

**II.    Parties**

2.        Defendant Meyer Wertheimer is a natural person who resides in Kiryas Joel, New York.

3.        Although not named as Defendants, Meyer Wertheimer's immediate family members

include Moses Wertheimer (a son); Tzvi Wertheimer (another son); Solomon Wertheimer

(another son) and Joel Bernath (a son-in-law).

4.        Defendant Hamaspik of Kings County Inc. ("Hamaspik Kings") is a New York not-for-

profit corporation with a principal place of business in the State of New York, County of Kings.

specifically 4102 14th Avenue, Brooklyn, New York.  Hamaspik Kings was founded by Meyer

Wertheimer who currently serves as the President of its Board of Directors.  Meyer Wertheimer's

son Tzvi Wertheimer is the Executive Director of Hamaspik Kings.

5.        Defendant Hamaspik of Rockland County, Inc. ("Hamaspik Rockland") is a New York

not-for-profit corporation with a principal place of business in the State of New York, County of

Rockland, specifically 58 Route 59, Monsey, New York.  Meyer Wertheimer is the founder of

Hamaspik Rockland and the former executive director.  Meyer Wertheimer currently serves as a

board member and his son Solomon Wertheimer serves as the Chief Financial Officer of

Hamaspik Rockland.

6.        Defendant Hamaspik of Orange County, Inc. ("Hamaspik Orange") is a New York not-

for-profit corporation with a principal place of business in the State of New York, County of

Orange, specifically 1 Hamaspik Way, Kiryas Joel, New York.  Meyer Wertheimer is the

founder of Hamaspik Orange and his son Moses Wertheimer is the executive director of Hamaspik Orange.

7.      Defendant Hamaspik Choice, Inc. ("Hamaspik Choice") is a New York not-for-profit corporation with a principal place of business in the State of New York, County of Rockland, specifically 58 Route 59, Monsey, New York (the same address as Hamaspik Rockland). Meyer Wertheimer is a board member of Hamaspik Choice and his son-in-law, Joel Bernath is the CEO of Hamaspik Choice.

8.      Defendant NYSHA Inc. a/k/a as the New York State Hamaspik Association ("NYSHA") is a New York not-for-profit corporation with a principal place of business in the State of New York, County of Kings, specifically 293 Division Ave, Brooklyn, New York. The executive offices of NYSHA are located at 1 Hamaspik Way, Monroe, New York (the same address as Hamaspik Orange). Meyer Wertheimer is the founder of NYSHA and serves on its board of directors. The official contact email for NYSHA, "meyer@nyshainc.org" is also the email address of Meyer Wertheimer.

9.      Defendant TRI-COUNTY CARE LLC ("Tri-County Care") is a New York Limited Liability Company with its principal place of business in the State of New York, County of Rockland, specifically 58 Route 59, Monsey, New York (the same address as Hamaspik Choice and Hamaspik Rockland). Tri-County Care is owned by NYSHA and its CEO is Joel Bernath, the son-in-law of Meyer Wertheimer.

10.     The Relator, GNGH2 Inc. ("Relator" or "Plaintiff") is a New Jersey corporation with a principal office in the State of New Jersey, County of Bergen.

## III     Compliance With Requirements of Suit

11.     This matter will be filed under seal pursuant to 31 U.S.C. Section 3730(b) and at or about the same time, a copy of the Complaint, Sealing Order, and Relator's disclosure of evidence will be served on the Department of Justice and the United States Attorney for the Southern District of New York.

12.     Relator will not serve the Complaint or any other papers in this matter until and unless it becomes unsealed. Thus, if the Complaint or is served on the Defendant, it means that the matter has been duly unsealed.

## IV.     Jurisdiction and Venue

13.     This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where any Defendant resides or transacts business. In this case, most of the Defendants are located in Rockland and Orange Counties, i.e. in the Southern District of New York.

## V.     Relationship Among the Defendants

14.     NYSHA styles itself as a "statewide non-profit organization representing a network of member agencies that provide essential health and human services for people in need and their families." These "member agencies" include Defendants Hamaspik Kings; Hamaspik Orange; Hamaspik Rockland; and Hamaspik Choice.

15.     Although these "member agencies" supposedly "operate as independent not-for-profit agencies that provide support services in a local area," in reality all of the incorporated Defendants in this matter ("Hamaspik Entities") were founded by and remain under the control of Defendant Meyer Wertheimer.

16.     Between 2006 and 2010, Defendant Meyer Wertheimer came under public criticism for collecting multiple salaries from certain of the Hamaspik Entities.

17.     Since then, Meyer Wertheimer has divested himself from much of his nominal leadership of the Hamaspik Entities but almost all of the senior leadership positions in the Hamaspik Entities are held by Meyer Wertheimer's immediate family members -- Moses Wertheimer; Tzvi Wertheimer; Solomon Wertheimer; and Joel Bernath.

**VI.     Background**

18.     Throughout most of 2020, the United States was faced with a large scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19."  (the "Coronavirus Epidemic").

19.     In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

20.     All of the above has resulted in major economic disruption and as a result Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, commonly known as the "CARES Act."

21.     The CARES Act contains a provision which permitted qualifying business which were affected by the foregoing disruption to obtain forgivable disaster loans.

22.     Each of the Defendants herein applied for and received such funding as follows:

| Party: | Date: | Amount |
| --- | --- | --- |
| Hamaspik of Kings | 4/15/2020 | $3,421,655 |
| Hamaspik of Rockland | 4/15/2020 | $2,752,815 |
| Hamaspik of Orange | 4/28/2020 | $1,944,000 |
| Hamaspik Choice | 4/28/2020 | $1,595,000 |
| NYSHA | 4/28/2020 | $319,497 |

| Tri-County Care | 4/30/2020 | $6,159,711 |
| Meyer Wertheimer | 8/6/2020 | $20,833 |
| Total: | | $16,213,511 |

23.    With a few inapplicable exceptions, the eligibility rules require that all affiliated and related entities be considered in determining whether a business qualifies for such loans.

24.    Looking at the concern as a whole, the Defendants and related entities had far more than the maximum assets, payroll size, and revenue for qualification. Indeed, the total amount of the loans received exceeded the $10 million cap.

25.    Thus, the Defendants necessarily made false statements when they executed SBA Form 2483 stating as follows:

> The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) (the Paycheck Protection Program Rule).

26.    These statements would have been made shortly before the dates set forth above. As a result of these statements, the Defendants received substantial funds to which they would not otherwise have been entitled.

**VII.    (Count I) Violation of the False Claims Act**

27.    The False Claims Act imposes liability on a person or entity who " knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" 31 U.S.C. Section 3729(a)(1)(B)

28.    The Courts have held that this can include false statements regarding eligibility to participate in a program. See *United States ex rel. Kirk v. Schindler Elevator Corp.*, 601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false

even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

29.     Thus, the Defendants' certifications of eligibility violated the False Claims Act because they were false and required for eligibility for disaster relief.

**VIII.   Relief Sought**

30.     On behalf of the government, Relator is seeking judgment for the triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

31.     The Defendants received $16,213,511 in disaster relief as a result of the certifications set forth above.

32.     Accordingly, Relator seeks judgment in the amount of $48,640,533 against the Defendants and in favor of the United States, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

Respectfully submitted,

David Abrams, Attorney at Law
  Attorney for Relator
GNGH2 Inc.

PO Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
Fax  212-897-5811

Dated: New York, NY
       January 29, 2021